COLE, Justice,
concurring in part and dissenting in part.
The majority finds no evidence in the record which establishes a binding oral agreement between DOTD and the plaintiff for the payment of replacement housing benefits. I find there is sufficient evidence of such an agreement which supports the holdings of the lower courts. The majority opinion relates the essence of the agreement between the plaintiff and DOTD relocation assistance officer Robert David, as follows:
The substance of the conversation between plaintiff and David is recounted by the testimony of both of these individuals at trial, testimony which is not conflicting in any major respects. On behalf of DOTD, David offered to purchase the Polk home for $248,380 ... Mrs. Polk informed David that she did not believe that amount would be sufficient for her to be able to obtain another home of comparable quality. David responded that in addition to receiving the purchase price of $248,380, Mrs. Polk would be eligible to receive replacement housing benefits for any amount in excess of the purchase price which had to be expended for the purpose of acquiring a comparable home. At trial, Mrs. Polk recounted David’s explanation of her eligibility for replacement housing benefits as follows:
‘Now, when you get ready to relocate and rebuild, the difference it costs between this figure [the sales price] and the actual cost of building your home, that’s your relocation that you are entitled to by law.’ R., Vol. Ill at 393.
The majority does not discount Mrs. Polk's testimony and instead notes that her recount of the exchange and Robert David’s “is not conflicting in any major respects.” DOTD’s promise to pay relocation expenses induced Mrs. Polk to accept the $248,380 purchase offer. I believe the DOTD was bound by the promise it made to Mrs. Polk. Both Mrs. Polk and the DOTD agreed relocation benefits would be determined by the difference between the purchase price of the house and the actual cost of constructing a comparable dwell *256 ing.[1] The district court found the estimation of building contractor Donald Mansour for constructing a comparable dwelling to be reliable for reasons explained in the majority opinion. I see no manifest error in the trial court’s ruling.
I respectfully dissent from that portion of the majority opinion which reduces the plaintiffs award for relocation expenses from $170,742.85 to $63,904.00.

. I agree with footnote 2 of the majority opinion that there was never a binding agreement between the parties as to whether the cost of replacement would actually exceed the purchase price. That being so, the parties obviously could not agree on how much the excess would be. Nonetheless, such a figure is readily determinate as was shown by the evidence although it could not have and need not have been agreed upon in advance to confect a contract. It is clear the parties did anticipate the cost of replacement would in fact exceed the purchase price. The binding agreement was that DOTD would pay the difference between the sales price and the actual cost of building a replacement home. David’s assertion, as related by Mrs. Polk, was "that’s your relocation that you are entitled to by law.” It is this basis, I submit, upon which recovery should be based.